TRINETTE G. KENT (State Bar No. 222020)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Janet Cook-Keville*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Janet Cook-Keville, | Case No.: **'16CV1590 JAH JLB** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC a Georgia corporation, and Residential Credit Solutions, Inc., a Delaware corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, JANET COOK-KEVILLE, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of San Diego, San Diego County, California.

4. Venue is proper in the Southern District of California.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Sacramento County, California; and

   b. Residential Credit Solutions, Inc. ("Residential Credit Solutions"), which is a Delaware corporation that maintains a registered agent in Sacramento County, California.

## GENERAL ALLEGATIONS

6. Residential Credit Solutions is reporting its trade line with account number 100067* ("Errant Trade Line") with an inaccurate status of "Account Included in Bankruptcy" on Plaintiff's Equifax credit file.

7. This is false as Plaintiff never filed bankruptcy. However, her ex-husband did.

8. In February 2016, Ms. Cook-Keville obtained her Equifax credit file and noticed that Residential Credit Solutions reported the Errant Trade Line with a status of "Account Included in Bankruptcy."

9. On or about March 28, 2016, Ms. Cook-Keville, submitted a letter to Equifax, disputing the bankruptcy status on the Errant Trade Line. In the dispute letter, Ms. Cook-Keville indicated the she never filed bankruptcy and that her ex-husband did.

10. Upon information and belief, Equifax transmitted Ms. Cook-Keville's consumer dispute to Residential Credit Solutions.

11. On or about April 14, 2016, Ms. Cook-Keville received Equifax's investigation results, which showed that Residential Credit Solutions retained the status of "Account Included in Bankruptcy" on the Errant Trade Line.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY RESIDENTIAL CREDIT SOLUTIONS

12. Plaintiff realleges the above paragraphs as if recited verbatim.

13. After being informed by Equifax of Ms. Cook-Keville's consumer dispute of the incorrect status on the Errant Trade Line, Residential Credit Solutions negligently failed to conduct a proper investigation of Ms. Cook-Keville's dispute as required by 15 USC 1681s-2(b).

14. Residential Credit Solutions negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to correct the status on the Errant Trade Line and remove the inaccurate status of "Account Included in Bankruptcy."

15. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Cook-Keville's consumer credit file with Equifax to which it is reporting such trade line.

16. As a direct and proximate cause of Residential Credit Solution's negligent failure to perform its duties under the FCRA, Ms. Cook-Keville has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

17. Residential Credit Solutions is liable to Ms. Cook-Keville by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

18. Ms. Cook-Keville has a private right of action to assert claims against Residential Credit Solutions arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Residential Credit Solutions for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY RESIDENTIAL CREDIT SOLUTIONS

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax that Ms. Cook-Keville disputed the accuracy of the information it was providing, Residential Credit Solutions willfully failed to conduct a proper reinvestigation of Ms. Cook-Keville's dispute.

21. Residential Credit Solutions willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

22. As a direct and proximate cause of Residential Credit Solution's willful failure to perform its duties under the FCRA, Ms. Cook-Keville has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Residential Credit Solutions is liable to Ms. Cook-Keville for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Residential Credit Solutions for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Cook-Keville as that term is defined in 15 USC 1681a.

26. Such reports contained information about Ms. Cook-Keville that was false, misleading, and inaccurate.

27. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or

more third parties pertaining to Ms. Cook-Keville, in violation of 15 USC 1681e(b).

28. After receiving Ms. Cook-Keville's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

29. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Cook-Keville has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

30. Equifax is liable to Ms. Cook-Keville by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Cook-Keville as that term is defined in 15 USC 1681a.

33. Such reports contained information about Ms. Cook-Keville that was false, misleading, and inaccurate.

34. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Cook-Keville, in violation of 15 USC 1681e(b).

35. After receiving Ms. Cook-Keville's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Cook-Keville has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Equifax is liable to Ms. Cook-Keville by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: June 23, 2016

                                                  KENT LAW OFFICES

                              By: */s/ Trinette G. Kent*
                                 Trinette G. Kent
                                 Attorneys for Plaintiff,
                                 Janet Cook-Keville